[Cite as *Williams v. Henderson*, 2018-Ohio-2527.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Valerie C. Williams, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-336 |
| v. | : | (C.P.C. No. 13JU-3011) |
| Desmond Henderson, Sr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 28, 2018

**On brief:** *Wood Law Limited*, and *Robert C. Wood*, for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch.

KLATT, J.

{¶ 1} Defendant-appellant, Desmond Henderson, Sr., appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, that ordered Wood Law Limited to transmit to the Office of Child Support a portion of a settlement fund due to Henderson. For the following reasons, we affirm that judgment.

{¶ 2} On February 28, 2013, Valerie C. Williams, the grandmother of two minor children, filed a complaint seeking a court order requiring Henderson, the children's father, to pay child support. In a decision entered August 22, 2013, a magistrate set Henderson's monthly child support obligation at $382.28, plus a processing charge. The magistrate also required Henderson to liquidate his $1,541.82 arrearage at a rate of $77.46 per month, plus

a processing charge. The trial court adopted and approved the magistrate's decision in a judgment entry issued August 23, 2013.

{¶ 3} Henderson objected to the magistrate's decision. In his objections, Henderson stated that he could not afford to pay the amount of child support ordered because he did not earn the annual income attributed to him in the child support calculation. Henderson alleged that he was unemployed since his "involve[ment] in a an [sic] accident with a semi[-]truck and [he was] * * * diagnosed with tennisis [sic] [,] 2 crushed vertebrae[,] and 2 displaced discs." (Sept. 5, 2013 Objs. to Mag.'s Dec.) When Henderson did not appear at the hearing on his objections, the trial court dismissed those objections for failure to prosecute.

{¶ 4} Over three years later, on April 6, 2017, the Franklin County Child Support Enforcement Agency ("FCCSEA") filed a notice with the trial court to inform the court that a lump sum payment from an insurance settlement was due to Henderson. The notice also indicated that Henderson's child support arrearage was $19,509.44 as of April 5, 2017.

{¶ 5} The day after receiving the notice, the trial court issued a judgment ordering Wood Law Limited, Henderson's attorney's law firm, to transmit to the Office of Child Support a portion of the settlement proceeds due to Henderson. The trial court specified that the amount transmitted should not exceed $19,509.44, the amount of Henderson's arrearage. Additionally, the trial court stated that the amount transmitted should not include the portion of the settlement proceeds designated as payment for attorney fees, medical expenses, Medicaid or Medicare reimbursement, or other claimants.

{¶ 6} Henderson now appeals the trial court's April 7, 2017 judgment, and he assigns the following errors:

> 1. The Arrearage Calculated in the Lump Sum Payment Transmittal Order dated April 7, 2017 is Incorrect.
>
> 2. The Appellant was not Served with the "Notice to Court of FCCSEA's Investigation Findings Or Lump Sum Payment and Recommendations" dated April 6, 2017.

{¶ 7} By Henderson's first assignment of error, he argues that the trial court erred in calculating his arrearage. Henderson does not allege that a mathematical error in the calculation occurred. Instead, he contends that the court erred in requiring him to pay $382.28 in monthly child support. Henderson asserts that he is involuntarily unemployed

due to his May 3, 2013 automobile accident and, consequently, the trial court erred in imputing income to him when it determined his monthly child support obligation.

{¶ 8} Henderson's argument does not present a reason to reverse the April 7, 2017 judgment. Rather, it is an argument that Henderson should have pursued in the 2013 proceedings. The magistrate's August 22, 2013 decision, which the trial court immediately adopted, determined the amount Henderson had to pay in monthly child support. Although Henderson asserted the argument he now raises in his objections to the magistrate's decision, he abandoned that argument when he failed to appear at the hearing on the objections. Under the principle of res judicata, Henderson cannot now resurrect the abandoned argument. *See In re Estate of Barnett-Clardy*, 10th Dist. No. 08AP-386, 2008-Ohio-6126, ¶ 15 ("[T]he doctrine of res judicata precludes a party who has had his day in court from seeking a second chance to litigate an issue that he could have raised earlier."); *State v. Myers*, 10th Dist. No. 05AP-228, 2005-Ohio-5998, ¶ 9 ("The doctrine of res judicata bars a litigant from re-litigating an issue that was or could have been raised in an earlier proceeding between the same parties."). Accordingly, we overrule Henderson's first assignment of error.

{¶ 9} By Henderson's second assignment of error, he complains that he was not served with the April 6, 2017 notice pursuant to R.C. Chapter 3121. According to R.C. 3121.11, "[w]hen a child support enforcement agency receives notice that a lump sum payment of one hundred fifty dollars or more is to be paid to an obligor who is subject to a court support order, the agency shall notify the court of the receipt of the notice and its contents." If the obligor is in default or has any arrearages under the child support order, the trial court must, upon receiving notice of a pending lump sum payment, "issue an order requiring the transmittal of the lump sum payment, or any portion of the lump sum payment sufficient to pay the arrearage in full, to the office of child support." R.C. 3121.12(A)(1).

{¶ 10} R.C. 3121.11 requires a child support enforcement agency to provide notice to the trial court; not the obligor. Moreover, no other section of R.C. Chapter 3121 mandates that the obligor receive any type of notice prior to the imposition of the judgment ordering a lump sum payment transmittal. Accordingly, we overrule Henderson's second assignment of error.

{¶ 11} For the foregoing reasons, we overrule both of Henderson's assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.

————————————