[Cite as *Marshall v. Marshall*, 2018-Ohio-3390.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Christopher L. Marshall, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-22 |
| v. | : | (C.P.C. No. 07DR-2236) |
| Stephanie N. Marshall, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

_____

D E C I S I O N

Rendered on August 23, 2018

_____

**On brief:** *Stephanie N. Marshall,* pro se. **Argued:** *Stephanie N. Marshall.*

**On brief:** *Christopher L. Marshall,* pro se. **Argued:** *Christopher L. Marshall.*

_____

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch

HORTON, J.

{¶ 1}  Defendant-appellant, Stephanie N. Marshall, appeals pro se from a lump sum garnishment order entered by the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, based on notification of a child support arrearage from the Franklin County Child Support Enforcement Agency ("FCCSEA"). For the following reasons, we affirm the trial court's order.

{¶ 2}  On behalf of FCCSEA, an enforcement support officer filed a notice captioned "Notice to Court of Investigation Findings or Lump Sum Payment and Recommendations," along with an accompanying worksheet. Addressed to appellant, it stated that FCCSEA had "been notified that a lump sum payment" was due to her. Because she owed a child support arrearage of $8,172.76 as of November 30, 2017, the notice stated that based on FCCSEA's

"required investigation," it "recommended that the Court issue a lump sum payment transmittal order" to her employer. Appellant was served with a copy of these filings and informed that if she "disagree[d] with the amount shown as the arrearage," she could file a motion "no later than ten (10) days after the date" on the face of the notice, which was December 14, 2017. (Dec. 19, 2017 Notice to Court.)

{¶ 3} Ten days after FCCSEA's notice was filed, the trial court electronically signed the garnishment order, which ordered Pier 1 Imports to pay $8,172.76 to Ohio Child Support Payment Central. (Dec. 29, 2017 Lump Sum Payment Transmittal Order.)

{¶ 4} Appellant filed a notice of appeal on January 8, 2018. She asserts the following assignment of error:

> The court erred in granting the CSEA the ability to demand a lump sum payment from Pier 1 Imports.

{¶ 5} R.C. 3121.11 states:

> When a child support enforcement agency receives notice that a lump sum payment of one hundred fifty dollars or more is to be paid to an obligor who is subject to a court support order, the agency shall notify the court of the receipt of the notice and its contents.

{¶ 6} "If the obligor is in default or has any arrearages under the child support order, the trial court must, upon receiving notice of a pending lump sum payment, 'issue an order requiring the transmittal of the lump sum payment, or any portion of the lump sum payment sufficient to pay the arrearage in full, to the office of child support.' " *Williams v. Henderson*, 10th Dist. No. 17AP-336, 2018-Ohio-2527, ¶ 9, quoting R.C. 3121.12(A)(1).

{¶ 7} Appellant argues that the court erred in issuing the order because the agency's authorization for the lump sum payment was based on an unemployment benefits claim that she did not make. Appellant claims that she is the victim of identity theft, and that someone else made the unemployment benefits claim that prompted the agency to seek an order for the lump sum payment from her employer. (Appellant's Brief at 4-5.)

{¶ 8} Unfortunately, it is impossible to evaluate appellant's claim. The record in the trial court is devoid of any detail concerning FCCSEA's investigation and, in particular, what evidence formed the basis for its assertion that it had notice that a lump sum payment had become due to appellant. The agency attached a worksheet listing the amounts of child

support appellant owes to the notice, but the documents filed with the trial court and sent to appellant are otherwise silent on the source of the lump sum in question.

{¶ 9} Appellant never filed a motion to contest the order, so FCCSEA never explained the basis for its determination in the record. We note that FCCSEA's notice, which was addressed to appellant, contained the enforcement support officer's contact information. FCCSEA would surely withdraw its request if it investigated appellant's claim and concluded that its notice of the lump sum payment arose from a fraudulent claim for unemployment benefits, as appellant asserts. However, without a reason or evidence before it to contest the agency's recommendation, the trial court did not err by adopting it as an order of the court. Without a record containing a factual basis for contesting the agency's determination to examine, this court can only affirm the trial court's order. Accordingly, the assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

_____